UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANAMED, INC, <br><br> Plaintiff, <br><br> vs. <br><br> IVAN NUSSBERG, <br><br> Defendant. | Case No.: 2:24-cv-00898-GMN-DJA <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 9), filed by Plaintiff Manamed, Inc. Defendant Ivan Nussberg filed a Response, (ECF No. 13), to which Plaintiff filed a Reply, (ECF No. 15). For the reasons discussed below, the Court GRANTS Plaintiff's Motion for Summary Judgment.

**I.     BACKGROUND**

This case arises from a settlement agreement resulting from a previous lawsuit regarding a contract dispute. (*See generally* Mot. Summ. J. ("MSJ"), ECF No. 9). Plaintiff Manamed, Inc. is a manufacturer and seller of goods including medical devices. (*Id.* 3:4–5). Manamed and non-party Vanguard entered into a contract for the sale of goods in May 2021 ("the Contract"), with payment due 30 days from the date of Plaintiff's invoice. (Agreement, Ex. 1 to MSJ, ECF No. 9-3). The Contract further provided that if Plaintiff did not receive payment when due, Plaintiff may charge Defendant interest at the rate of 1.5% per month on all unpaid amounts. (*Id.* at 7). As a part of the Contract, Defendant signed a personal guaranty in which he guaranteed full payment if Vanguard failed to pay. (*Id.* at 4, 15). In reliance on the Contract, Plaintiff sold goods to Defendant on credit terms, and Plaintiff invoiced Defendant on or around September 6, 2022, through October 11, 2022. (Invoices, Ex. 2 to MSJ, ECF No. 9-4).

Defendant did not make a complete and timely payment for the goods in accordance with the agreement. (Theriot Decl. ¶ 13, Ex. 2 to MSJ, ECF No. 9-2).

In 2023, Plaintiff sued Defendant in Connecticut State Court seeking the $282,327.38 owed per the Contract. (Conn. Mem. Dec., Ex. 4 to MSJ, ECF No. 9-1). The Connecticut Court later granted Defendant Nussberg's Motion to Dismiss, deciding that the proper jurisdiction was Nevada. (*Id.*). Plaintiff also sued Vanguard in the Eighth Judicial District Court of Nevada. (Compl., Ex. 1 to Resp., ECF No. 13-2). The parties to that case entered into a settlement agreement. (Settlement Agreement, Ex. 2 to Resp., ECF No. 13-3). The settlement agreement provided that Vanguard would pay Plaintiff $141,163.69 on April 1, 2024, and $141,163.69 on May 1, 2024. (*Id.* at 2). In exchange, the settlement agreement provided that Plaintiff would release Vanguard "and its executors, administrators, officers, directors, members, agents, employees, attorneys, guarantors . . . from all manner of action, suit, lied, damages, claims or demand . . . ." (*Id.*). On March 25, 2024, before making any settlement payments to Plaintiff, Vanguard filed Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Massachusetts. (Case No. 1:24-bk-10561).

Plaintiff subsequently commenced this action against Defendant Nussberg in the Eighth Judicial District Court of Nevada, which Defendant then removed to this Court. (Pet. Removal, ECF No. 1). Plaintiff now moves for summary judgment and seeks damages in the amount of $282,327,38, plus interest, court costs, and attorney's fees. (MSJ 9:4-6)

**II.     LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).  A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.*  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quotation marks and citation omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by "relying solely on conclusory allegations unsupported by factual data." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.        DISCUSSION

Plaintiff moves for summary judgment, arguing that Defendant is liable to Plaintiff for the unpaid balance of $282,327.38 for the breach of the original contract for the sale of goods,

plus 1.5% interest per month. (*See generally* MSJ).  Because Defendant signed a personal guaranty, Plaintiff asserts that he is liable for the amount that Vanguard owes. (*Id*. 5:14–18). Plaintiff further states that, because Vanguard did not make any payments due under the settlement agreement, it did not "fulfil the consideration for any release." (*Id.* 2:8–11).

Defendant does not contest that a breach occurred, nor that he signed a personal guaranty. (Answer ¶¶ 6–10, ECF No. 3).  Instead, he identifies that the settlement agreement between Plaintiff and Vanguard released all officers and guarantors from any action on this claim. (Resp. 7:3–12).  As an officer and guarantor of Vanguard at the time of the execution of the settlement agreement, he argues that he is absolved from liability for the debt that Plaintiff is pursuing in this case. (*Id.* 8:14–20).  Defendant further asks the Court to *sua sponte* grant summary judgment in his favor, explaining that the settlement agreement provided for a remedy in the event of a breach: filing the Confession of Judgment in the case against Vanguard and enforce for the amount due plus 18% annual interest, plus attorney's fees of $5,000. (Confession of Judgment 3:8–12, Ex 3. to MSJ Resp., ECF No. 13-3).  Because the prescribed remedy that the parties agreed to is not the one Plaintiff seeks here, he argues that the Court must find in his favor. (Resp. 13:4–12).[1]

Settlement agreements are governed by principles of Nevada contract law. *See May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).  When parties exchange promises to perform, one party's material breach of its promise discharges the non-breaching party's duty to perform. *Cain v. Price*, 415 P.3d 25, 29 (Nev. 2018).  A material breach of a contract also "gives rise to a claim for damages." *Id.* (quoting Restatement (Second) of Contracts § 243(1)).  Thus, the

---

[1] Plaintiff argues for the first time in its Reply that the settlement agreement is invalid for lack of consideration. (Reply 2:7–3:6).  Because the issue was raised for the first time in the Reply, the Court will not consider the argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (explaining that a "district court need not consider arguments raised for the first time in a reply brief.").

injured party is both excused from its contractual obligation *and* entitled to seek damages for the other party's breach. *Id.* (emphasis in original).

The parties do not contest that a material breach of the settlement agreement occurred. (Resp. 13:18–21). Therefore, assuming the parties did not agree to a different exclusive remedy in their contract, Plaintiff would be discharged from its duty to perform as the non-breaching party under *Cain*. *See* 415 P.3d at 29. Plaintiff would thus not have to comply with the promise it made in the settlement agreement to release all officers and guarantors from liability and would not be precluded from seeking damages from Defendant as Vanguard's guarantor.

But Defendant's argument that the settlement agreement prescribes the remedy for breach complicates the analysis. If the remedy prescribed in the agreement is exclusive, then Plaintiff would be required to follow that remedy rather than being discharged from its duty to perform. *See Phillips v. Mercer*, 579 P.2d 174, 176 (Nev. 1978). Under Nevada law, when "parties to a contract prescribe a remedy, a presumption arguably exists that the parties intended the remedy to be exclusive; however, use of such a presumption has generally been confined to cases in which the specified remedy provided for liquidated damages in lieu of other rights normally incident to a contract." *Id.*

The Confession of Judgment attached to the settlement agreement between Plaintiff and Vanguard provides that if Vanguard fails to make the payments agreed to, "Plaintiff may immediately file this Confession of Judgment and enforce for the amount of $282,327.38 plus 18% annual interest from September 6, 2022, plus attorney's fees of $5,000 . . . ." (Confession of Judgment 3:8–12, Ex. 3 to Resp.). This specified remedy does not provide for liquidated damages, so the Court does not apply the presumption that this specified remedy is exclusive. *See Phillips*, 579 P.2d at 176. Further, none of the language in the Confession of Judgment indicated that the remedy provided was intended to be exclusive; indeed, the provision states

that Plaintiff "may" file the Confession of Judgment and does not indicate that it must do so over any other available remedy.  Thus, the Court finds that the remedy agreed to under the settlement agreement is not exclusive.  Plaintiff is accordingly discharged from its duty to perform under the settlement agreement because Vanguard materially breached that agreement. *See Cain*, 415 P.3d at 29.  Plaintiff is therefore no longer required to release Defendant as Vanguard's guarantor from liability and is entitled to seek damages from Defendant for the breach of the original contract, as it is doing in this action.  Accordingly, the Court GRANTS Plaintiff's Motion for Summary Judgment.

Plaintiff seeks damages of $282,327.38 plus interest. (MSJ 9:4–6).  This amount is the unpaid principal balance for the goods Vanguard accepted from Plaintiff. (*Id.* 5:14–18); (Statement, Ex. 3 to MSJ, ECF No. 9-5); (Theriot Dec. ¶¶ 12, 14).  Plaintiff also seeks 1.5% interest per month on all unpaid invoices based on the interest amount agreed to in the original agreement for the sale of goods. (Theriot Dec. ¶ 7); (Agreement at 7, Ex. 1 to MSJ).  The Court finds that Plaintiff is entitled to $282,327.38 plus 1.5% interest per month from July 1, 2023 to the date of this Order. (Statement, Ex. 3 to MSJ).[2]

///
///
///
///
///
///
///
///

---

[2] Plaintiff also requests attorney's fees. (MSJ 9:4–6).  Plaintiff is advised that it must file a separate motion for attorney's fees in compliance with the Local Rules. *See* LR 54-14.  The Court accordingly denies the request for attorney's fees without prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 9), is **GRANTED.**

**IT IS FURTHER ORDERED** that judgment shall be entered against Defendant as follows: $282.327.38 plus 1.5% monthly interest from July 1, 2023 to the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees is **DENIED** without prejudice.

The Court kindly directs the Clerk of Court to close the case and enter judgment for Plaintiff.

**DATED** this __21__ day of February, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT